COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 KARINA MARQUEZ,
  
                             Appellant,
  
 v.
  
  
 LIONARDO MARQUEZ,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00129-CV
  
 Appeal from the
  
 383rd
 District Court
  
 of El
 Paso County, Texas 
  
 (TC# 2010CM1766) 
  
 
 


 

MEMORANDUM
OPINION ON MOTION

Pursuant to Rule 24.2(a)(4) of the Rules of
Appellate Procedure, Karina Marquez (Karina) filed an emergency motion to
suspend enforcement of the “Phase Two” provision of the trial court’s divorce
decree awarding Lionardo Marquez (Lionardo) standard possession of the couple’s
five year-old son pending determination of her appeal.  Concluding Karina has made a “proper showing”
that she is entitled to relief, we grant her motion.

FACTUAL
AND PROCEDURAL BACKGROUND

During the pendency of the divorce action
between Karina and Lionardo, the trial court appointed Karina Marquez temporary
sole managing conservator and awarded Lionardo weekly supervised
visitation.  Following a trial on the
merits, the trial court awarded Lionardo five hours of unsupervised visitation,
but set a status hearing on visitation. 
At the status hearing, the trial court increased Lionardo’s unsupervised
visitation by one and one-half hours.

Following the status hearing, Karina moved
the trial court to enter a divorce decree based on the trial court’s previous
rulings.  At the hearing on the motion,
Lionardo, without having provided notice or produced additional evidence, asked
the trial court to modify the visitation order to an extended standard possession
schedule.  Although Karina objected, the
trial court granted Lionardo’s request.  Pursuant
to the divorce decree signed by the trial court, “Phase Two” of the possession
order – the extended standard possession schedule – would not take effect until
May 3, 2012.  Until then, Lionardo’s
visitation would remain at six and one-half hours.

            Shortly after the trial
court signed the divorce decree, Karina moved the trial court to suspend the “Phase
Two” possession portion of the divorce decree, and also filed her notice of
appeal with this court.  Following a
hearing on the motion to suspend, the trial court denied Karina’s request. 

DISCUSSION

            Section 109.002(c) of
the Family Code and Rule 24.2(a)(4) of the Rules of Appellate Procedure
authorize an appellate court to suspend, during the pendency of an appeal,
enforcement of a final order in a suit affecting the parent-child relationship
upon a “proper showing.”  See Tex.
Fam. Code Ann. § 109.002(c) (West 2008); Tex. R. App. P. 24.2(a)(4); see also In re A.C.S., 157 S.W.3d 7, 8-9 (Tex.App.--Waco 2004)
(order) (per curiam) (holding that appeals court had authority pursuant to
Section 109.002(c) and Rule 24.2(a)(4) to stay, pending final resolution of
divorced mother’s appeal from trial court’s modification of conservatorship
provisions of divorce decree, trial court’s orders limiting mother’s right to
establish children’s primary residence and setting date by which children were
required to move back into state, since mother had made “proper showing” she
was entitled to relief).  Here, Karina
Marquez has made a “proper showing” she is entitled to relief.  Because she has done so, we grant her
motion.  See In re A.C.S., 157 S.W.3d at 8-9.

Accordingly, pending final resolution of this
appeal or further order of this Court, we hereby suspend enforcement of the “Phase
Two” provision of the divorce decree signed on April 13, 2012 by the 383rd
District Court of El Paso County; such provision encompassing subsection (d) of
the section titled “POSSESSION ORDER” of the divorce decree.  All other provisions of the trial court’s
April 13, 2012 divorce decree remain in effect, subject to each party’s right
of appeal.

 

 

                                                                        PER
CURIAM

May 2, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

McClure, C.J., not participating